Cite as 2022 Ark. 109

# SUPREME COURT OF ARKANSAS

No. CV-21-327

|  |  |
|---|---|
| | Opinion Delivered: May 19, 2022 |
| ROBINSON NURSING AND REHABILITATION CENTER, LLC, D/B/A ROBINSON NURSING AND REHABILITATION CENTER; CENTRAL ARKANSAS NURSING CENTERS, INC.; NURSING CONSULTANTS, INC.; AND MICHAEL MORTON<br><br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-14-4568]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| V. | |
| ANDREW PHILLIPS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY PHILLIPS, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DOROTHY PHILLIPS; AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED<br><br>APPELLEES | REMANDED WITH INSTRUCTIONS. |

**BARBARA W. WEBB, Justice**

Robinson Nursing and Rehabilitation Center, LLC, d/b/a Robinson Nursing and Rehabilitation Center (Robinson) appeals from a Pulaski County Circuit Court order denying its motion styled "Motion to Enforce Arbitration Agreements and to Compel Class Members with Arbitration Agreements to Submit Their Claims to Binding Arbitration." On appeal, Robinson argues that the circuit court erred in refusing to enforce valid arbitration agreements consistent with the law of the case.

Andrew Phillips, as personal representative of the Estate of Dorothy Phillips, and on behalf of the wrongful-death beneficiaries of Dorothy, as well as class representative in this class-action suit, cross-appeals. He argues that (1) this court should entertain this cross-appeal because the underlying order involves an issue that is fundamental to the further conduct of this case; (2) the circuit court erred by granting the motion to compel arbitration without allowing plaintiffs to access the mental assessments needed to analyze competency; and (3) the circuit court's order should also be reversed for the reasons discussed in the responsive argument.

We note, however, that in ruling on Robinson's motion to compel arbitration, the circuit court made no findings whatsoever. The circuit court's order, from which this appeal is taken, granted Robinson's motion to compel arbitration as to 93 residents and denied it with respect to 104 residents. In *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357, we were confronted with a similar situation, and we remanded the case to the circuit court to make appropriate findings. As in the case at bar, the circuit court in *Walker* denied a motion to compel arbitration without stating the basis for that decision. It is essential that we are made aware of the circuit court's rationale for its decision so that we can conduct a proper appellate review. In accordance with *Walker*, we remand this case to the circuit court and instruct it to make findings regarding its decision denying Robinson's motion to compel arbitration.

Remanded with instructions.

Special Justice GREG VARDAMAN joins.

2

BAKER, HUDSON, and WYNNE, JJ., dissent.

WOOD, J., not participating.

**COURTNEY RAE HUDSON, Justice, dissenting.** Because the majority's decision to remand this case for findings is both an abrupt departure from our precedent and inconsistent with our review of the prior appeal in this *very same case*, I must dissent. We review a circuit court's order denying a motion to compel arbitration de novo on the record. *E.g.*, *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624, *cert. denied*, 141 S. Ct. 161 (2020) ("*Robinson II*"); *Courtyard Gardens Health & Rehab., LLC v. Arnold*, 2016 Ark. 62, 485 S.W.3d 669. Nonetheless, the majority chooses to skirt the merits and punt this matter back to the circuit court to "complete" a task that it already did. This is a waste of judicial resources, along with the litigants' time and money. Even more significantly, it is a glaring refusal by this court to do its job. What is the majority avoiding?

In *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357, we held for the first time that a circuit court is required to make express findings on the threshold issues of whether a valid arbitration agreement exists and whether the dispute falls within the scope of the agreement before reaching any equitable defenses presented by the parties. The situation in that case, however, was very different from the one here. In *Bank of the Ozarks*, although the appellees disputed the existence of a valid arbitration agreement in addition to having raised the defenses of waiver and unconscionability, the circuit court denied the appellants' motion to compel based only on the defense of unconscionability. *Id.* We stated

3

that without a finding on the threshold issues, we can only speculate about whether the circuit court considered them. *Id.*

In the present case, appellees also challenged whether a valid agreement to arbitrate existed and raised contract defenses. However, instead of stating a particular basis for its ruling, the circuit court generally denied Robinson's motion to compel. We have consistently held that when a circuit court denies a motion to compel arbitration without expressly stating the basis for its ruling, that ruling encompasses all the issues presented to the circuit court by the briefs and arguments of the parties. *Robinson II*, *supra*; *Reg'l Care of Jacksonville, LLC v. Henry*, 2014 Ark. 361, 444 S.W.3d 356; *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119. Thus, by its general denial, the circuit court did in fact rule on each of the arguments raised by appellees, including the threshold issue of whether a valid arbitration agreement exists.

In *Newby*, *supra*, we addressed a nearly identical situation to the one before us in the context of our decision in *Bank of the Ozarks*. The circuit court in *Newby* entered a written order generally denying the motion to compel arbitration. *Id.* In determining that it was not necessary to reverse and remand, we concluded that "the circuit court's blanket denial of the motion to compel arbitration constitutes a ruling on all of the issues raised by the parties. Because the circuit court has ruled on the threshold issue of mutual assent, this case is distinguishable from *Bank of the Ozarks*, and we are not precluded from reviewing [the] merits of this appeal." *Newby*, 2014 Ark. 280, at 7, 437 S.W.3d at 123. We therefore held with

4

clarity in *Newby* that a blanket denial satisfied the requirements of *Bank of the Ozarks*. Oddly, today we hold the opposite.

By remanding this appeal for further findings in reliance on *Bank of the Ozarks*, the majority's decision not only overrules *Newby* sub silentio but also marks yet another dramatic shift in our appellate review of arbitration agreements and further confuses what is required of a circuit court in addressing a motion to compel. Even more concerning is that this court addressed the merits of the previous appeal in *Robinson II*, *supra*, despite *exactly the same blanket denial of the motion to compel* that we have here. It is abundantly unfair to the parties and to the circuit court to change our principles of review in the midst of a single case. As a result of today's decision, different sets of arbitration agreements in this case will be reviewed under different standards. Sadly, the majority's opinion is a textbook example of a blatant disregard for the very thing we are sworn to protect, the Rule of Law. Thus, I cannot join in the majority opinion.

BAKER and WYNNE, JJ., join.

*Hardin, Jesson & Terry, PLC* (Little Rock), by: *Jeffrey W. Hatfield*, *Kynda Almefty*, and *Carol Ricketts*; and *Hardin, Jesson & Terry, PLC* (Fort Smith), by: *Kirkman T. Dougherty* and *Stephanie I. Randall*, for appellants.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*; and *Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*, for appellees.