Cite as 2022 Ark. 193

# SUPREME COURT OF ARKANSAS

No. CV-22-113

| | |
|---|---|
| | **Opinion Delivered:** November 3, 2022 |
| ROBINSON NURSING AND REHABILITATION CENTER, LLC, D/B/A ROBINSON NURSING AND REHABILITATION CENTER | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-14-4568] |
| APPELLANT | |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ANDREW PHILLIPS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY PHILLIPS, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DOROTHY PHILLIPS; AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | |
| APPELLEES | REMANDED WITH INSTRUCTIONS. |

**JOHN DAN KEMP, Chief Justice**

Appellant Robinson Nursing and Rehabilitation Center, LLC (Robinson), appeals from a Pulaski County Circuit Court order granting in part and denying in part its motion to enforce arbitration agreements and to compel class members with arbitration agreements to submit their claims to binding arbitration. For reversal, Robinson argues that law of the case controls, the arbitration agreements are valid, and the affirmative defenses pled by appellee Andrew Phillips fail. Phillips, as personal representative of the Estate of Dorothy Phillips, on behalf of the wrongful-death beneficiaries, and as class representative in this class-action suit, cross-appeals

and asserts that the circuit court's order redefines class membership and acts as a final disposition of the case. We remand to the circuit court with instructions.

## I. *Facts*

The facts in this case were set forth at length in *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2017 Ark. 162, 519 S.W.3d 291 (*Phillips I*), and *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624 (*Phillips II*). In *Phillips I*, we affirmed the circuit court's grant of class certification with respect to Phillips's claims of breach of contract, a violation of the Arkansas Deceptive Trade Practices Act, and unjust enrichment, and we reversed with respect to Phillips's negligence claim. *Phillips I*, 2017 Ark. 162, at 14–16, 519 S.W.3d at 301–02. Robinson then sought to compel arbitration of the claims of its 544 residents identified in the class. We affirmed the circuit court's denial of Robinson's motions to compel arbitration of its arbitration agreements that contained deficiencies. *Phillips II*, 2019 Ark. 305, at 21, 586 S.W.3d at 637. We also reversed and remanded with respect to those arbitration agreements not otherwise held to be invalid in *Phillips II*. *Id.*, 586 S.W.3d at 637.

Subsequently, Robinson moved to enforce arbitration agreements and to compel 197 residents with arbitration agreements to submit their claims to binding arbitration. The circuit court entered an order granting arbitration to 93 residents and denying arbitration to the remaining 104 residents. In *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2022 Ark. 109 (*Phillips III*), we held that "the circuit court [had] made no findings whatsoever[,]" and remanded the case with instructions to the circuit court to make findings regarding its decision to deny Robinson's motion to compel arbitration. *Id.* at 2.

On June 4, 2021, Robinson filed a memorandum motion to enforce arbitration agreements and to compel other class members with arbitration agreements to submit their claims to binding arbitration. This motion involved arbitration agreements signed by 33 residents at admission. On October 25, 2021, the circuit court entered an order granting in part with respect to 15 residents and denying in part with respect to 18 residents. Robinson appealed, and Phillips cross-appealed.

## II. *Circuit Court's Order*

Robinson raises several points in its brief, which was filed prior to this court's opinion in *Phillips III*. Phillips filed a responsive brief and asserts that this case should be remanded for additional findings pursuant to this court's holding in *Phillips III*. Robinson concedes in its reply brief that the case should be remanded for additional findings.

In *Phillips III*, we specifically held:

> We note . . . that in ruling on Robinson's motion to compel arbitration, the circuit court made no findings whatsoever. The circuit court's order, from which this appeal is taken, granted Robinson's motion to compel arbitration as to 93 residents and denied it with respect to 104 residents. In *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357, we were confronted with a similar situation, and we remanded the case to the circuit court to make appropriate findings. As in the case at bar, the circuit court in *Walker* denied a motion to compel arbitration without stating the basis for that decision. It is essential that we are made aware of the circuit court's rationale for its decision so that we can conduct a proper appellate review. In accordance with *Walker*, we remand this case to the circuit court and instruct it to make findings regarding its decision denying Robinson's motion to compel arbitration.

*Id.* at 2.

Here, the circuit court ruled on Robinson's motion to enforce arbitration agreements, as follows:

4. *Defendant's Memorandum Motion to Enforce Arbitration Agreements And To Compel Class Members With Arbitration Agreements To Submit Their Claims To Binding Arbitration*, filed on June 4, 2021, is granted in part and denied in part. The motion is granted with respect to: Elane Britt, Natalie Canard, John Dodds, Robert Hancock, Dorothy Jackson, Johnnie Jones, Bryan Lawrence, Elisa Miller, Penny Passe, Mona Roseanna Rea (listed on admission agreement as "Rea Mona Roseanna," Dakeisha Ruffin, Terryl Sipes, Rudolph Walker, Corrine Walters, and Juanita Wilburn. The motion is denied with respect to: Wanda Bridges, Donna Casey, Iva Burns Knowles, Wanda Dorrell, Pamela Harris, Robert Haymes, Clarice Lackie, Craig MacDonald, Mary Magee, Naomi Maynard, Bill McCord, Thomas Myrick, Larry Pippen, Robert Rose, Margie Ruple, Charles Shryock, Shirley Taylor, and Vernie Throneberry.

The circuit court again made no findings, other than granting in part and denying in part as to certain residents, without stating the basis for its decision. In order to conduct a proper appellate review, we must know the circuit court's rationale for its decision. *Id.* Thus, in accordance with our holding in *Phillips III*, we remand the case with instructions for the circuit court to make findings regarding its order denying Robinson's motion to compel arbitration.

Remanded with instructions.

SPECIAL JUSTICE GREG VARDAMAN joins.

BAKER, HUDSON, AND WYNNE, JJ., concur.

WOOD, J., not participating.

**ROBIN F. WYNNE, Justice, concurring.** I agree with the majority's disposition of this case. To be consistent with our decision in *Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2022 Ark. 109 ("*Robinson III*"), we should remand this case with instructions for the circuit court to make findings. But I write separately to reiterate my disagreement with our decision in *Robinson III* for the reasons stated in the dissent. *Id.* at 3–5 (Hudson, J., dissenting).

I respectfully concur.

4

BAKER and HUDSON, JJ., join.

*Hardin, Jesson & Terry, PLC* (Little Rock), by: *Jeffrey W. Hatfield, Kynda Almefty,* and *Carol Ricketts*; and *Hardin, Jesson & Terry, PLC* (Fort Smith), by: *Kirkman T. Dougherty* and *Stephanie I. Randall*, for appellant.

*Reddick Law, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*; and *Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*, for appellees.