Cite as 2023 Ark. 173

# SUPREME COURT OF ARKANSAS

**No.** CV–23–340

|  |  |
|---|---|
|  | **Opinion Delivered:** November 30, 2023 |
| ROBINSON NURSING AND REHABILITATION CENTER, LLC, D/B/A ROBINSON NURSING AND REHABILITATION CENTER <br><br> APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-14-4568] |
| V. | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| ANDREW PHILLIPS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DOROTHY PHILLIPS; AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF DOROTHY PHILLIPS; AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED <br><br> APPELLEE | <u>REMANDED WITH INSTRUCTIONS</u>. |

**SHAWN A. WOMACK, Associate Justice**

This is the fifth appeal before this court regarding a class-action suit brought against Robinson Nursing and Rehabilitation Center, LLC.[1]  The current appeal stems from two Pulaski County Circuit Court orders denying Appellant's "Motion to Enforce Arbitration Agreements and to Compel Class Members with Arbitration Agreements to Submit Their Claims to Binding Arbitration."  This is the third appeal regarding the circuit court's orders

---

[1]*See Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2022 Ark. 193 (*Phillips IV*); *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2022 Ark. 109 (*Phillips III*); *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624, cert. denied, 141 S. Ct. 161 (2020) (*Phillips II*); *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2017 Ark. 162, 519 S.W.3d 291 (*Phillips I*).

on these motions. Because the circuit court's orders do not meet the requirements set forth by this court in *Phillips III* and *Phillips IV*, remand is necessary. Moreover, as discussed later in more detail, due to the circuit court's systematic failure to adhere to this court's instructions, the case shall be reassigned on remand. On remand and reassignment, the circuit court is ordered to issue specific findings with respect to each arbitration agreement and resident at issue.

## I. *Facts*

The facts in this case were set forth in at length in *Phillips I* and *Phillips II*.[2] In addition, *Phillips IV* summarizes those facts. The relevant facts for the purpose of this appeal are as follows.

After this court's ruling in *Phillips II*, Robinson moved to enforce arbitration agreements and to compel 197 residents with arbitration agreements to submit their claims to binding arbitration. The circuit court entered an order on March 19, 2021, granting arbitration as to 93 residents and denying arbitration as to the remaining 104 residents. In *Phillips III*, we held that "the circuit court [had] made no findings whatsoever" and remanded the case with instructions to the circuit court to make findings on its decision to deny Robinson's motion to compel arbitration. 2022 Ark. 109, at 2.

---

[2] In *Phillips I*, we affirmed the circuit court's grant of class certification with respect to Phillips's claims of breach of contract, a violation of the Arkansas Deceptive Trade Practices Act, and unjust enrichment, and we reversed with respect to Phillips's negligence claim. *Phillips I*, 2017 Ark. 162, at 14–16, 519 S.W.3d at 301–02. Robinson then sought to compel arbitration of the claims of its 544 residents identified in the class. We affirmed the circuit court's denial of Robinson's motions to compel arbitration of its arbitration agreements that contained deficiencies. *Phillips II*, 2019 Ark. 305, at 21, 586 S.W.3d at 637. We also reversed and remanded with respect to those arbitration agreements not otherwise held to be invalid in *Phillips II. Id.*, 586 S.W.3d at 637.

On June 4, 2021, Robinson filed a memorandum motion to enforce arbitration agreements and to compel 33 residents with arbitration agreements to submit their claims to binding arbitration. On October 25, 2021, the circuit court entered an order granting in part with respect to 15 residents and denying in part with respect to 18 residents. Robinson appealed, and Phillips cross-appealed. In *Phillips IV*, we held that "the circuit court again made no findings whatsoever" and remanded the case with instructions to the circuit court to make specific findings on its decision to deny Robinson's motion to compel arbitration, consistent with our opinion in *Phillips III*.

On January 23, 2023, pursuant to *Phillips III*, the circuit court entered an order with respect to Robinson's "Motion to Enforce Arbitration Agreements and to Compel Arbitration" of 197 residents. On February 22, 2023, pursuant to *Phillips IV*, the circuit court entered an order with respect to Robinson's "Motion to Enforce Arbitration Agreements and to Compel Arbitration" of 33 residents. The current appeal is from these two orders.

## II. *Analysis*

The circuit court's January and February orders fail to adhere to this court's holdings in *Phillips III* and *Phillips IV*. Because the circuit court refuses to make specific findings that provide the parties and this court with a rationale for its decisions, we must remand to the circuit court with the specific instructions provided herein. In *Phillips III*, this court held that the circuit court "made no findings whatsoever" in its March 19, 2021, order that was at issue. 2022 Ark. 109, at 2. There, the circuit court ruled on Robinson's motion to enforce arbitration agreements, as follows:

3

*Defendant's Memorandum Motion to Enforce Arbitration Agreements And To Compel Class Members With Arbitration Agreements To Submit Their Claims To Binding Arbitration*, filed on March 1, 2021 is granted in part and denied in part. It is granted with respect to the following plaintiff class members: Loutelia Aldrich, Cathey Alexander, Jacquelyn Alexander, Rickey Bell, Linda Bates, Robert Bettger, Laura Birchett, Chanely Blanchard, Edward Burks, Peggy Carr, Emma Cash, Rebecca Coleman, Elmer Cool, Reba Crawford, Alice Cresswell, Betty Crosno, Dorothy Dale, James Dalton, James Davis, Jr., Loretta Davis-Wood, Alice Day, Donna Deloach, Anthony Dozier, Harold Fortson, Virginia Fowler, Barbara Franke, Charles Garner, Timothy Gayle, Cynthia Gibson, Douglas Glenn, Bill Grace, John Gunn, Renwick Hannah, George Harrington, Daniel Hasty, Fredrick Haverty, John Heffeman, Debbie Higgs, Gwendolyn Hodge, Jean Hopkins, Billy House, Christina llronas, Jane Lorene Hudson Geraldene Jefferson, Judith Jenders, Carolyn Johnson, George Jones, Ronald Jones, James Lawrence, Raymond McGehee, Dennis Melton, Ophelia Mitchell, Mary Pennington, Michelle Price, Susan Quaile, Billie Reed, Brian Richendollar, Emma Roberts, Linda Rolen, Tommy Romero, Sandra Ross, Zelma Rosser, Norma Rowell, John Ryan, Robert Sadler, Charles Sanford, Bobby Saylor, Mary Scroggins, Lloyd Septer, Martha Shillcutt, Mark Simpson, Lillian Skinner, Gina Smith, Patrice Smith, Rose Smithwick, Barbara Springer, Beverly Stewart, Debra Stewart, Richard F. Stokes III, Leslie Stoll, Roy Thomas, Dwight Thompson, Dorothy Ulrich, Joe Walker, Joe Watkins, Barbara Webster, Brenda Westbrook, Lena White, Emma Whitehead, Charlotte Williams, Gary Williams, Garrett Wilson, and Faber Winton, Jr. The motion is denied with respect to any plaintiff class members not specifically enumerated above.

This court in *Phillips IV* held that the circuit court's October 25, 2021, order, "again made no findings, other than granting in part and denying in part as to certain residents, without stating the basis for its decision." 2022 Ark. 193, at 4. The circuit court ruled on Robinson's motion to enforce arbitration agreements as follows:

*Defendant's Memorandum Motion to Enforce Arbitration Agreements And To Compel Class Members With Arbitration Agreements To Submit Their Claims To Binding Arbitration*, filed on June 4, 2021, is granted in part and denied in part. The motion is granted with respect to: Elane Britt, Natalie Canard, John Dodds, Robert Hancock, Dorothy Jackson, Johnnie Jones, Bryan Lawrence, Elisa Miller, Penny Passe, Mona Roseanna Rea (listed on admission

4

agreement as "Rea Mona Roseanna," Dakeisha Ruffin, Terryl Sipes, Rudolph Walker, Corrine Walters, and Juanita Wilburn. The motion is denied with respect to: Wanda Bridges, Donna Casey, Iva Burns Knowles, Wanda Dorrell, Pamela Harris, Robert Haymes, Clarice Lackie, Craig MacDonald, Mary Magee, Naomi Maynard, Bill McCord, Thomas Myrick, Larry Pippen, Robert Rose, Margie Ruple, Charles Shryock, Shirley Taylor, and Vernie Throneberry.

This court in *Phillips III* stated, "It is essential that we are made aware of the circuit court's rationale for its decision so that we can conduct a proper appellate review." 2019 Ark. 109, at 2. Likewise, this court in *Phillips IV* made clear, "In order to conduct a proper appellate review, we must know the circuit court's rationale for its decision." 2022 Ark. 193, at 4. Unfortunately, the circuit court's January and February orders once again fail to provide this court with the rationale for its decisions.

Here, in its January order, the circuit court ruled on Robinson's motion to enforce arbitration agreements, as follows:

> The motion to compel arbitration was granted with respect to the ninety-three (93) residents having an Admission Agreement/Arbitration Agreement in which: (i) the blanks for the parties were completed therefore identifying the parties to be bound by such agreements; (ii) the Admissions Agreement/ Arbitration Agreement was dated, (iii) the Admissions Agreement/Arbitration Agreement was signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the Resident's signature clearly and legibly appeared on the Admissions Agreement /Arbitration Agreement, and (v) in those cases where the documents involved a Responsible Party's signature, if the Responsible Party's signature clearly and legibly appeared on the Admissions Agreement/Arbitration Agreement, together with supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or a Durable Power of Attorney that specifically addressed arbitration had been executed by the Resident in favor of the Responsible Party.
>
> The motion to compel arbitration was denied with respect to the one-hundred four (104) residents having an Admission Agreement/ Arbitration Agreement in which one or more of the following factors existed: (i) the

blanks for the parties were not completed so there was no identification of the parties to be bound by such agreements; (ii) the Admissions Agreement/ Arbitration Agreement was not dated, (iii) the Admissions Agreement/ Arbitration Agreement was not signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the court could not factually conclude that the Resident actually signed the Admissions Agreement/Arbitration Agreement, and/or (v) in those cases where the documents involved a Responsible Party's signature, if the court could not factually conclude that the Responsible Party's signature appeared on the Admissions Agreement/ Arbitration Agreement, or if there was no supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or didn't have a Durable Power of Attorney that specifically addressed arbitration.

In its February order, the circuit court ruled on Robinson's motion to enforce arbitration agreements, as follows:

The motion to compel arbitration was granted with respect to fifteen (15) residents having an Admission Agreement/ Arbitration Agreement in which: (i) the blanks for the parties were completed, therefore identifying the parties to be bound by such agreements; (ii) the Admissions Agreement/ Arbitration Agreement was dated, (iii) the Admissions Agreement/ Arbitration Agreement was signed by a representative of the nursing home; (iv) in those cases where the documents involved a Resident's signature, if the Resident's signature clearly and legibly appeared on the Admissions Agreement/ Arbitration Agreement, and (v) in those cases where the documents involved a Responsible Party's signature, if the Responsible Party's signature clearly and legibly appeared on the Admissions Agreements/Arbitration Agreement, together with supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or a Durable Power of Attorney that specifically addressed arbitration had been executed by the Resident in favor of the Responsible Party.

The motion to compel arbitration was denied with respect to the eighteen (18) residents having an Admission Agreement/ Arbitration Agreement in which one or more of the following factors existed: (i) the blanks for the parties were not completed so there was no identification of the parties to be bound by such agreements; (ii) the Admissions Agreement/ Arbitration Agreement was not dated, (iii) the Admissions Agreement/ Arbitration Agreement was not signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the court could not factually conclude that the Resident actually signed the Admissions

6

Agreement/ Arbitration Agreement, and/or (v) in those cases where the documents involved a Responsible Party's signature, if the court could not factually conclude that the Responsible Party's signature appeared on the Admissions Agreement/ Arbitration Agreement, or if there was no supporting documentation that the Responsible party had been previously adjudicated as the legal guardian of the Resident or did not have the a Durable Power of Attorney that specifically addressed arbitration.

Again, the circuit court failed to provide either this court or the parties with specific findings. Instead, the orders merely refer to a number of residents of Robinson (rather than identifying the names of specific residents the orders apply to) and state whether the motion to compel arbitration was granted or denied based on one or more of five factors.

The circuit court's mere citation to a list of factors that may or may not have been relevant to a number of residents in granting or denying Appellant's motions fails to adequately provide this court with a rationale for its decisions. What's more, the circuit court's most recent orders do not contain the name of a single resident. Thus, these most recent orders are not in accord with either the letter or spirit of this court's holdings in *Phillips III* and *IV*. Once more we are left without a rationale for the circuit court's decisions. Absent specific findings, this court cannot conduct a proper appellate review.

Rather than providing this court with specific findings, over half the circuit court's January 23, 2023, order is devoted to making denigrating comments about the justices who were in the majority in *Phillips III*. Such action by the circuit court violates Rules 1.2 and 2.2 of the Code of Judicial Conduct and merits a rebuke by the judiciary. *See, e.g.*, *Smith v. Pavan*, 2016 Ark. 437, at 21, 505 S.W.3d 169, 180 (admonishing Judge Fox "for his inappropriate comments made while performing the duties of his judicial office"). Once

7

more, this court admonishes Judge Timothy Davis Fox for the wholly inappropriate comments he made while performing his judicial duties.

Further, because Judge Fox has repeatedly failed or refused to comply with this court's instructions regarding making specific findings, it is now necessary that this case be reassigned. Reassignment is in the best interest of the parties involved as it promotes judicial efficiency and the ultimate resolution of this case. Amendment 80, section 4 of the Arkansas Constitution provides that this court exercises general superintending control over all the courts of this state. "Superintending control is an extraordinary power that is hampered by no specific rules or means." *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. This court has invoked amendment 80, section 4 to reassign cases in the past and elects to do so here. *See, e.g., In re Pulaski Cty. Cir. Ct, Fifth Div.*, No. 17-155 (Apr. 17, 2017) (assignment order). Accordingly, pursuant to amendment 80, section 4, this case shall be reassigned on remand. The administrative judge of the Sixth Judicial Circuit shall be responsible for determining the appropriate division to assign this case to on remand. The reassignment by the administrative judge shall be made within ten days of the mandate issuing in this case.

Because the circuit court failed to provide this court with specific findings with respect to each arbitration agreement and individual resident, we remand with instructions for the circuit court to make these specific findings. Such findings are necessary for this court to conduct a proper appellate review. *See Phillips III*, 2022 Ark. 109 at 2 (citing *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357). We also instruct that this case be reassigned upon remand.

Remanded with instructions.

8

Special Justice TIFFANY MILLIGAN BROWN joins.

BAKER and HUDSON, JJ., dissent.

WOOD, J., not participating.

**KAREN R. BAKER, Justice, dissenting.** I dissent from the majority's decision to, yet again, remand to the circuit court. The majority states that remand is necessary because "the circuit court's orders do not meet the requirements set forth by this court in *Phillips III* and *Phillips IV*." I disagree. In my view, the circuit court complied with the requirements set forth in *Phillips III* and *Phillips IV*, and instead of remanding, we should reach the merits of the appeal.

Specifically, in *Phillips III*, the majority stated that "in ruling on Robinson's motion to compel arbitration, the circuit court made no findings whatsoever." *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2022 Ark. 109, at 2. The majority went on to explain that "[i]t is essential that we are made aware of the circuit court's rationale for its decision so that we can conduct a proper appellate review . . . we remand this case to the circuit court and instruct it to make findings regarding its decision denying Robinson's motion to compel arbitration." *Id.* at 2. On remand from *Phillips III*, the circuit court found as follows:

> The motion to compel arbitration was granted with respect to the ninety-three (93) residents having an Admission Agreement/Arbitration Agreement in which: (i) the blanks for the parties were completed therefore identifying the parties to be bound by such agreements; (ii) the Admissions Agreement/Arbitration Agreement was dated, (iii) the Admissions Agreement/Arbitration Agreement was signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the Resident's signature clearly and legibly appeared on the Admissions Agreement/Arbitration Agreement, and (v) in those cases where the documents involved a Responsible Party's signature, if the Responsible

9

Party's signature clearly and legibly appeared on the Admissions Agreement/Arbitration Agreement, together with supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or a Durable Power of Attorney that specifically addressed arbitration had been executed by the Resident in favor of the Responsible Party.

The motion to compel arbitration was denied with respect to the one-hundred four (104) residents having an Admission Agreement/Arbitration Agreement in which one or more of the following factors existed: (i) the blanks for the parties were not completed so there was no identification of the parties to be bound by such agreements; (ii) the Admissions Agreement/Arbitration Agreement was not dated, (iii) the Admissions Agreement/Arbitration Agreement was not signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the court could not factually conclude that the Resident actually signed the Admissions Agreement/Arbitration Agreement, and/or (v) in those cases where the documents involved a Responsible Party's signature, if the court could not factually conclude that the Responsible Party's signature appeared on the Admissions Agreement/Arbitration Agreement, or if there was no supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or didn't have a Durable Power of Attorney that specifically addressed arbitration.

Then in a separate order on remand from *Phillips IV*, the circuit court found:

The motion to compel arbitration was granted with respect to fifteen (15) residents having an Admission Agreement/Arbitration Agreement in which: (i) the blanks for the parties were completed, therefore identifying the parties to be bound by such agreements; (ii) the Admissions Agreement/Arbitration Agreement was dated, (iii) the Admissions Agreement/Arbitration Agreement was signed by a representative of the nursing home; (iv) in those cases where the documents involved a Resident's signature, if the Resident's signature clearly and legibly appeared on the Admissions Agreement/Arbitration Agreement, and (v) in those cases where the documents involved a Responsible Party's signature, if the Responsible Party's signature clearly and legibly appeared on the Admissions Agreements/Arbitration Agreement, together with supporting documentation that the Responsible Party had been previously adjudicated as the legal guardian of the Resident or a Durable Power of Attorney that specifically addressed arbitration had been executed by the Resident in favor of the Responsible Party.

The motion to compel arbitration was denied with respect to the eighteen (18)

residents having an Admission Agreement/Arbitration Agreement in which one or more of the following factors existed: (i) the blanks for the parties were not completed so there was no identification of the parties to be bound by such agreements; (ii) the Admissions Agreement/Arbitration Agreement was not dated, (iii) the Admissions Agreement/Arbitration Agreement was not signed by a representative of the nursing home, (iv) in those cases where the documents involved a Resident's signature, if the court could not factually conclude that the Resident actually signed the Admissions Agreement/Arbitration Agreement, and/or (v) in those cases where the documents involved a Responsible Party's signature, if the court could not factually conclude that the Responsible Party's signature appeared on the Admissions Agreement/Arbitration Agreement, or if there was no supporting documentation that the Responsible party had been previously adjudicated as the legal guardian of the Resident or did not have the a Durable Power of Attorney that specifically addressed arbitration.

Having reviewed the above orders, I would hold that they do comply with *Phillips III* and *Phillips IV* as they specifically identify the circuit court's rationale for its decisions. The majority now requires that the circuit court "issue specific findings with respect to each arbitration agreement and resident at issue." However, this was not required in either *Phillips III* or *Phillips IV*. Once again, the majority "chooses to skirt the merits and punt this matter back to the circuit court to 'complete' a task that it already did." *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2022 Ark. 109, at 3 (Hudson, J., dissenting).

Additionally, I note that the first amended complaint was filed in this case in September 2015. Thus, the majority's erroneous decision to remand this case is further compounded by its decision to now reassign this case to a different circuit court judge— after over eight years of litigation. Again, our review is de novo, and as pointed out by the dissent in *Phillips III*, the decision to remand for findings is "a waste of judicial resources, along with the litigants' time and money." 2022 Ark. 109, at 3 (Hudson, J., dissenting).

11

Accordingly, I dissent from the result reached by the majority and would reach the merits of this appeal.

HUDSON, J., joins.

*Hardin, Jesson & Terry, PLC (Little Rock)*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, and *Carol Ricketts*; and *Hardin, Jesson & Terry, PLC (Fort Smith)*, by: *Kirkman T. Dougherty* and *Stephanie I. Randall*, for appellant.

*Campbell Law Firm, P.A.*, by: *H. Gregory Campbell*; and *Marks, Balette, Giessel & Young, PLLC*, by: *David Marks*, *Jacques Balette*, and *Brent Marks*, for appellees.